UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., <br> Plaintiff(s), <br> v. <br> CACTUS CREEK AT MOUNTAIN'S EDGE HOMEOWNERS ASSOCIATION et al., <br> Defendant(s). | Case No. 2:16-CV-606 JCM (CWH) <br><br> ORDER |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for reconsideration. (ECF No. 39). Defendants Premier One Holdings, Inc. ("Premier One") and Cactus Creek at Mountain's Edge Homeowners Association ("Cactus Creek") filed separate responses (ECF Nos. 42, 46), to which BANA filed separate replies (ECF Nos. 43, 47).

**I.     Facts**

This action arises from a dispute over real property located at 10561 Cave Ridge Street, Las Vegas, Nevada 89170 ("the property"). (ECF No. 1).

James and Alexis Morris ("borrowers") purchased the property on or about July 23, 2008. (ECF Nos. 1, 27-1). The borrowers financed the purchase with a loan in the amount of $230,505.00 from Countrywide Bank, FSB ("Countrywide"). (ECF No. 27-1). Countrywide secured the loan with a deed of trust, which names Countrywide as the lender, Recontrust Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*. On May 20, 2011, BANA acquired all beneficial interest in the deed of trust via an assignment, which BANA recorded with the Clark County recorder's office. (ECF No. 27-3).

**James C. Mahan**
**U.S. District Judge**

On October 24, 2012, Cactus Creek, through its agent defendant Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien ("the lien") against the property for the borrowers' failure to pay Cactus Creek in the amount of $842.00. (ECF No. 27-4). *Id*. On December 27, 2012, Cactus Creek recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $1,923.04 as of December 20, 2012. (ECF No. 27-5).

In an attempt to exercise its right of redemption, BANA requested from Cactus Creek the superpriority amount of the lien. (ECF No. 39-1). Cactus Creek did not reply to BANA's request. *Id*. BANA, thereby, used a payoff ledger for a different property in the same development to calculate the superpriority amount as $270.00. *Id*. On March 22, 2013, BANA sent a letter and a check in that amount to Cactus Creek. *Id*. The letter explained that the check was the sum of nine months of common assessments and intended to pay off the superpriority portion of the lien. *Id*. Cactus Creek rejected the check without explanation. *Id*.

On August 22, 2013, Cactus Creek recorded a notice of foreclosure sale against the property. (ECF No. 27-6). On September 13, 2013, Cactus Creek sold the property in a nonjudicial foreclosure sale to Premier One in exchange for $15,100.00. (ECF No. 27-8). *Id*. On September 24, 2013, Cactus Creek recorded the foreclosure deed with the Clark County recorder's office. *Id*.

On March 18, 2016, BANA filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against NAS and Cactus Creek; (3) wrongful foreclosure against NAS and Cactus Creek; and (4) injunctive relief against Premier One. (ECF No. 1)

On May 18, 2017, the court denied BANA's motion for summary judgment, holding in part that BANA's attempted tender was insufficient to extinguish the superpriority lien. (ECF No. 33).

On September 13, 2018, the Nevada Supreme Court issued a ruling clarifying how courts should apply NRS 116.3116 *et seq.* ("Chapter 116")—the statute that Cactus Creek relied on when it foreclosed on the property. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) ("*Bank of America*"). In light of this intervening change in controlling law, the

court now reconsiders its prior order pursuant to BANA's motion for reconsideration (ECF No. 39).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 54(b) permits a district court to revise an order that does not terminate the action at any time before the entry of judgment. Fed. R. Civ. P. 54(b); *see also Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). However, reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

BANA argues that the court should set aside the foreclosure sale because Cactus Creek wrongfully rejected BANA's tender of the superpriority portion of the lien. (ECF No. 39). In light of the Nevada Supreme Court's ruling in *Bank of America*, the court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other

James C. Mahan
U.S. District Judge

- 3 -

HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018). Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

As in *Bank of America*, Cactus Creek has not indicated that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118. Thus, when BANA sent a check for nine months of assessments to Cactus Creek, it properly tendered the superpriority portion of the lien. *See* (ECF No. 59-7). Indeed, it makes no difference that BANA relied on a ledger from a different property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien, as BANA tendered an amount that undisputedly represented nine months of assessments. *See Bank of America*, 427 P.3d at 118; s*ee also Tyrone & In-Ching, LLC v. U.S. Bank, N.A.*, 430 P.3d 533 (Nev. 2018); *see also NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See Bank of America*, 427 P.3d at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

**IV. Conclusion**

In light of the intervening change in controlling law, BANA is entitled to judgment as a matter of law on its claim for quiet title/declaratory relief. Because this order resolves all pertinent issues in this litigation, the court will enter judgment and close the case.

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for reconsideration (ECF No. 39) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court's order filed in May 18, 2017, (ECF No. 33) be, and the same hereby is, VACATED.

The clerk shall enter judgment accordingly and close the case.

DATED February 5, 2019.

                                                                              _____
                                                                              UNITED STATES DISTRICT JUDGE